*In re* WYMAN *et al.*

(*Circuit Court, E. D. Missouri, E. D.* March 7, 1891.)

CUSTOMS DUTIES—APPEAL FROM APPRAISEMENT.

The administrative customs law of June 10, 1890, (26 St. 137, 138,) § 14, provides for an appeal from the decision of the collector of the port of entry as to the rate and amount of duties to the board of general appraisers in New York, or to some other board constituted by the secretary of the treasury at some other port than New York. Section 15 provides that either party, if dissatisfied with the decision of the appraisers, may within 30 days apply to the circuit court in the district in which the matter arises for a review of the questions of law and fact. *Held,* that the jurisdiction here indicated is vested in the circuit court for the district where the port of entry is situated, and not in that of the district where the board of appraisers meets.

At Law.

This is a proceeding under the fourteenth and fifteenth sections of the "Administrative Customs Law," approved June 10, 1890, *vide* 26 St. U. S. 137, 138. Petitioners filed in this court, on January 19, 1891, an application, as contemplated by the fifteenth section of the act, for a review of a decision of the board of general appraisers sitting in New York, concerning the rate of duty on certain breech and muzzle loading guns, there-

tofore imported into this country from abroad by the petitioners. The application shows that the fire-arms were entered at the port of St. Louis, Mo.; that the duties thereon were assessed by the collector of said port, and that afterwards, to-wit, on October 23, 1890, the same were duly liquidated; that the petitioners, being dissatisfied with the rate of duty assessed, thereafter, on November 1, 1890, gave written notice to the collector of their dissatisfaction, and the reasons therefor, as contemplated by section 14 of the act, whereupon the collector transmitted all the papers, invoices, and exhibits to the board of general appraisers at New York, who on December 20, 1890, affirmed the decision of the collector. The application also contains a statement of the errors of law and fact complained of in the decision of the board of general appraisers, and prays for a judgment against the United States for the excessive duties imposed, as well as for a review of questions of law and fact involved in the decision.

*Rowell & Ferriss*, for petitioners.

*Geo. D. Reynolds*, U. S. Dist. Atty.

THAYER, J., *(after stating the facts as above.)* The question now before the court is whether it should grant a preliminary order directing the board of appraisers to return to this court "the record and evidence taken by them, together with a certified statement of the facts involved in the case, and their decision thereon," as contemplated by section 15 of the act. Petitioners move for such an order, and the district attorney resists the motion, on the ground that this court has no jurisdiction of the case, and consequently no authority to make the order.

I am satisfied that the objection taken to the jurisdiction is not tenable. By the fourteenth section of the act, it is made the duty of the collector of the port where merchandise is entered to decide, in the first instance, "as to the rate and amount of duties chargeable thereon, * * * including all dutiable costs and charges, and as to all fees and exactions;" and his decision is final unless it is objected to by the importer, consignee, or agent, and unless notice of the objection is given to the collector in writing within 10 days after the duties are liquidated. If such notice is given, and the duties as assessed by the collector are paid, it then becomes the collector's duty to transmit the papers to the board of general appraisers constantly in session in New York, or to some other board consisting of three general appraisers, which may have been constituted by the secretary of the treasury at some other port than New York. The proceeding thus contemplated is in the nature of an appeal by the importer or consignee from the decision of the collector as to the rate of duty, to a general board consisting of three appraisers, sitting at New York or elsewhere. Section 15 then proceeds as follows:

"* * * If the * * * importer, consignee, or agent, * * * or the collector or secretary of the treasury, shall be dissatisfied with the decision of the board of general appraisers * * * as to the construction of the law and the facts respecting the classification of such merchandise, and the rate of duty imposed thereon under such classification, they, or either of them, may, within thirty days after such decision, * * * apply to the circuit

court of the United States within the district in which the matter arises for a review of the questions of law and fact involved in such decision."

Now "the matter" referred to in this clause of the section is evidently the controversy between the importer, on the one hand, and the government, represented by the collector, on the other, as to the rate of duty; and that controversy arises at the port where the merchandise is entered and the duties are liquidated. It is a matter or controversy that arises as soon as the importer takes exception to the rate of duty assessed by the collector, and notifies him in writing of the nature of his objections, as required by section 14. The proceeding before the board of general appraisers is merely a continuation of the controversy begun before the collector at the port of entry. When the notice is given to the collector, the controversy or "matter arises" within the meaning of the statute, and the circuit court of the United States for the district in which the port is situated where the merchandise is entered and the duties are liquidated has jurisdiction to review the the decision of the board of appraisers subsequently made in such controversy.

The contention of the government that the United States circuit court for the district where the board of appraisers meets and renders its decision alone has jurisdiction to review the decision of the board does not seem to me to be justified by any of the provisions of the act. If it had been the intention of congress to thus limit the trial of all of such cases to one or two circuit courts, the intention would no doubt have been more clearly expressed. The motion for an order upon the board of appraisers to make a return of the record and evidence will be sustained, and such order will be entered.